## Runyon v. Runyon.

(Decided May 25, 1923.)

### Appeal from Pike Circuit Court.

1. Vendor and Purchaser—Evidence Held to Show Lumber on One Lot was Sold with it.—In an action for the balance due on the purchase price of two lots, the preponderance of evidence held to show that a pile of lumber on one of the lots was sold with the lot, so that the purchaser was entitled to credit for the amount paid by him to satisfy the bill for the original purchase of the lumber.

2. Evidence—That Sale of Personalty was Contemporaneous with the Sale of Realty Does Not Render Parol Evidence of Former Incompetent.—A sale of personal property may be, and generally is, provable by parol testimony, and the fact that such sale was made

at the same time as a sale of real estate does not render the parol evidence of the sale of personalty incompetent.

3. Evidence—Parol Evidence is Admissible to Show Price of Personalty was Included in Consideration Named in Deed.—Parol evidence is competent to show that the consideration named in a deed for real property included the amount the purchaser agreed to pay for personal property, which he bought from his vendor at the same time.

4. Judgment—Defendant Cannot Recover Overpayment Established by Evidence, if Answer was Not Made a Counterclaim.—In an action for the balance due on the purchase price of property, defendant cannot recover an overpayment which the evidence showed he had made on the purchase price, where he did not make his answer a counterclaim.

STRATTON & STEPHENSON for appellant.

J. E. CHILDERS and R. H. COOPER for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Prior to August, 1919, B. W. Runyon and his wife, appellee Gertrude Runyon, operated at Elkhorn City in Pike county a hotel known as the Runyon Hotel. The title to the hotel was in the appellee, as well as the title to an adjoining vacant lot.

For some time prior to his death in the summer of 1919 B. W. Runyon had been in bad health and while the hotel was operated by them jointly as the "Runyon Hotel," she was in fact not only the owner of the property, but the moving spirit in the operation of the hotel.

Some time prior to his death they contemplated the erection of some improvements in connection with the hotel, and with that purpose in view they ordered a bill of lumber amounting to $1,155.75, and at the time of his death and all the transactions hereinafter considered that lumber had been received and was stacked upon one of the lots.

A short time after the death of B .W. Runyon, and on the 7th day of August, 1919, appellee sold and conveyed to appellant, Ernest Runyon, a nephew of her deceased husband, the two lots, "For and in consideration of seven thousand dollars, twenty-five hundred cash in hand paid, the receipt of which is hereby acknowledged, and balance to be paid on the debts of the late B. W. Runyon and Gertrude May Runyon, when these debts mature."

At the date of this deed Elswick had certain unpaid purchase money notes which were a lien upon the property conveyed, and when those notes were thereafter paid by appellant they, with their interest, amounted to $3,-245.82.

At the date of the deed the bill of $1,155.75 for the lumber then stacked on the property and which it was contemplated would be used in improvements thereon, remained unpaid, and appellant paid that bill and sent the receipt for same to appellee.  Appellant also paid a debt of appellee to J. C. Runyon for two hundred and fifty-five dollars, which latter debt was represented by an unpaid check appellee had given J. C. Runyon.

In this action by appellee to enforce the payment of an alleged balance of the purchase price, the defendant by answer alleged that when he purchased from the plaintiff the hotel property and the two lots in question there was included the furniture and other personal effects in the hotel, and also the bill of lumber purchased previously by the plaintiff, and that the purchase price of the whole was seven thousand dollars.  The plaintiff by reply denied the bill of lumber purchased to build the addition to the hotel was included in the sale, and that is the question in this case.

At the time of the execution of this deed appellee turned over the hotel property and certain personal effects which it is virtually admitted went with it to appellant, and at that time the lumber in question was stacked on the property.  It appears shortly thereafter appellee without disposing of or attempting to dispose of that lumber, but leaving it stacked on the property she had sold and turned over to appellant, left Elkhorn City and remained elsewhere for some time, and during that period appellant paid the bill for the lumber and sent to her the receipt.

Shortly after appellant took possession of the property he used this lumber in the erection of a building on the vacant lot.

Appellee herself testified—and that is the only evidence on her side—that the lumber so stacked on the lot at the time was not embraced in the sale and that the seven thousand dollar consideration recited in the deed was solely for the conveyance of the real estate, although she by implication admits that certain furniture and personal effects went with the property, when she claims in

her deposition that she was to reserve one bed but did not get it.

On the other hand, R. E. Runyon, the father of appellant, who made the trade for him, and J. C. Runyon, who was present, each testifies in substance that the fixtures and other personal property went with the hotel, as well as the lumber then stacked on the ground, and all personal effects used in connection with the hotel, including a small quantity of foodstuffs then on hand, and that possession was taken and turned over just as it then stood.

These three witnesses were the only three testifying on that subject, and it is perfectly apparent the preponderance of the evidence is that the lumber was embraced in the sale, and particularly when the facts and circumstances surrounding the transaction are considered.

But we find from an order in the record plaintiff filed certain exceptions to the depositions of R. E. and J. C. Runyon, and that the court sustained those exceptions "insofar as they undertake to vary or contradict the terms of the deed from Gertrude May Runyon, or prove any verbal contract with reference thereto not included in said deed."

It would appear from this that the trial court was of opinion this evidence as to the lumber then stacked on the property conveyed being included in the sale was incompetent, because it tended to contradict or vary the terms of the instrument.

It is virtually admitted, and unmistakably shown, that some personal property, at least, went with the real estate, and that the consideration therefor was embraced in the seven thousand dollars.

The controlling question then is whether parol evidence is competent to show the sale of the lumber to appellant by appellee, as well as the purchase price thereof, how the purchase price was to be paid, whether same had been paid, and how.

The title to personal property may be and generally is acquired by parol agreement accompanied by possession given at the time by the seller to the purchaser. The question here is whether appellee sold the lumber to appellant, and if so what was the agreed consideration therefor and how that consideration was to be paid.

The fact that one conveys real estate to another, and at the same time sells to such other personal prop-

erty at an agreed price, or to be paid for in a certain way, does not make incompetent parol evidence as to whether the personal property was sold, and how the consideration therefor is to be paid. Because the personal property is sold on the same day, or at the same time a conveyance of real estate is made between the same parties, does not make incompetent parol evidence to show what the purchase price of the personal property was, and how the same was to be paid.

On the face of the deed in this case no personal property passed whatsoever, and it would therefore appear that any agreements about personal property were separate and distinct from the sale and conveyance of the real estate; and if, therefore, appellee contracted to sell the lumber to appellant for a given consideration and the possession of the lumber at the time was turned over to him, then the title to the lumber passed irrespective of the real estate transaction.

So far as the competency of the parol evidence is concerned, it must be determined as if there had been on that day no transaction whatever about the real estate.

Of course it will be admitted that parol evidence is competent to show the purchase of personal property, what the purchase price was, and how the same was to be paid. The parol evidence in this case does not contradict anything that appears on the face of the deed. It only shows that appellant at the time he bought the real estate also bought the lumber, and that he agreed to pay seven thousand dollars for the real estate, the lumber and certain other personal property; in other words, that the purchase price of the personal property is embraced within the consideration for the conveyance of the real estate.

It follows from this that as the preponderance of the evidence, supported by all the circumstances, shows the lumber was sold to appellant and that he had paid the purchase price therefor, and the whole purchase price for the real estate, the judgment of the lower court giving appellee a lien for something like one thousand dollars was error. But inasmuch as appellant did not make his answer a counterclaim he is not entitled to judgment over against appellee for the alleged over-payment.

The judgment is reversed with directions to dismiss the plaintiff's petition, and to adjudge her lien satisfied.